IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT BIG STONE GAP, VA
FILED
APR 1 0 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| **JOSEPH C. SEGEN, M.D.,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:06cv00009 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **BUCHANAN GENERAL** ) | |
| **HOSPITAL, INC., et al.,** ) | |
| ) | By: GLEN M. WILLIAMS |
| Defendants. ) | Senior United States District Judge |

This case was initiated by the plaintiff, Joseph C. Segen, M.D., against Buchanan General Hospital, Inc., ("Buchanan General"), Dr. J. N. Patel, M.D., Dr. Dinkar Patel, M.D., Dr. Doric Turjman, M.D., Sue Rife, Joan Jamison, Kenneth Joseph Stephens, Beverly Anderson and Fred Pelle, (collectively "the defendants").[1] The matter is currently before the court on the defendants' motions to dismiss the plaintiff's claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. (Docket Item Nos. 2, 23 and 35), ("Motions to Dismiss").[2] The court also will address the defendants'

---

[1] Dr. J. N. Patel, Dr. Dinkar Patel and Dr. Doric Turjman are represented by Thomas R. Scott of the Street Law Firm. Buchanan General, Sue Rife, Joan Jamison, Beverly Anderson and Fred Pelle are represented by William W. Eskridge of Penn Stuart & Eskridge. Kenneth Joseph Stephens is not represented by counsel in this matter.

[2] The initial motion to dismiss in this case was filed by William W. Eskridge on behalf of Buchanan General. On April 25, 2006, Eskridge filed an identical motion to dismiss on behalf of Sue Rife, Joan Jamison, Beverly Anderson and Fred Pelle. (Docket Item No. 23.) Then, on May 9, 2006, Thomas R. Scott filed a motion to dismiss on behalf of Dr. J. N. Patel, Dr. Dinkar

-1-

motions for sanctions as to Segen and/or his counsel regarding alleged violations of Rule 11 of the Federal Rules of Civil Procedure. (Docket Item Nos. 37 and 38), ("Motions for Sanctions").[3]

On February 7, 2007, United States Magistrate Judge Pamela Meade Sargent entered a Report and Recommendation, (Docket Item No. 58), ("Report"), recommending that the defendants' Motions to Dismiss and Motions for Sanctions be granted. As a result, both Segen and his counsel, Mr. Terry G. Kilgore, timely filed objections to the Report.[4] The facts, as stated in the Magistrate Judge's Report, will be adopted for the purposes of this opinion.

---

Patel and Dr. Doric Turjman, which adopted the arguments set forth in the previously filed motions to dismiss. (Docket Item No. 35.) These motions will be collectively referred to as the "Motions to Dismiss."

[3] On June 6, 2006, William W. Eskridge filed a Motion for Sanctions on behalf of Buchanan General, as well as a separate Motion for Sanctions on behalf of Sue Rife, Joan Jamison, Beverly Anderson and Fred Pelle. (Docket Item Nos. 37 and 38.) Although separately filed, the Motions for Sanctions are identical.

Thomas R. Scott did not file a Motion for Sanctions on behalf of Dr. J. N. Patel, Dr. Dinkar Patel and Dr. Doric Turjman. However, during the deposition of Segen, Scott did ask questions which were intended to show that Rule 11 sanctions were warranted. (Deposition of Joseph C. Segen, M.D., ("Segen Deposition"), at 184-206.) Despite the questions asked during Segen's deposition, Scott did not specifically move for sanctions against Segen and/or his counsel; moreover, Scott did not file a Statement of Costs on behalf of his clients as directed by Judge Sargent's Report. (Report at 41.) Instead, Scott simply filed a memorandum arguing that, for the reasons articulated by the other named defendants in their brief in support of Judge Sargent's Report, the court should adopt Judge Sargent's recommendations as to the defendants' Motions to Dismiss. (Docket Item No. 67.)

[4] On March 6, 2007, Segen sent an e-mail to the Clerk's Office of this court and indicated that he had released Mr. Kilgore from representing him in this matter. (Docket Item Nos. 62 and 63.) However, an order for withdrawal has not been entered in this case; thus, Mr. Kilgore also filed objections to the Magistrate Judge's Report. (Docket Item No. 65), ("Kilgore's Objections").

-2-

While I concur with Judge Sargent's recommendations and affirm her findings of fact as to the Motions to Dismiss, I am of the opinion that sanctions are not warranted in this case. Accordingly, I will take this opportunity to further discuss why the Motions to Dismiss shall be granted, and articulate why Rule 11 sanctions shall not be imposed.

*I. Analysis*

*A. Motions to Dismiss*

A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of a complaint. There are two ways to present a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), each of which trigger different standards of review. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). First, if the Rule 12(b)(1) motion attacks subject matter jurisdiction, by asserting that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," then "the facts alleged in the complaint are assumed to be true and the plaintiff . . . is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *See Adams*, 697 F.2d at 1219. Second, if the 12(b)(1) motion challenges the alleged jurisdictional basis of a complaint by asserting that, although facially adequate, the allegations are factually untrue, the district court may then consider extrinsic information beyond the complaint to determine whether subject matter jurisdiction exists. *See Thigpen v. United States*, 800 F.2d 393, 401 n. 15 (4th Cir. 1986) (citing *Adams*, 697 F.2d at 1219).

Here, it is evident that the Rule 12(b)(1) challenge specifically attacked subject matter jurisdiction by arguing that the facts, as alleged in the complaint, failed to establish diversity of citizenship, and, in the alternative, to establish federal question jurisdiction. Accordingly, the defendants' Motions to Dismiss will be treated as if they were Rule 12(b)(6) motions. Thus, pursuant to the Federal Rules of Civil Procedure, the court will accept as true all well-pleaded allegations and view the complaint in a light most favorable to the plaintiff. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). "[A] rule 12(b)(6) motion should be granted only in very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989). The court may not dismiss a complaint unless the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In this case, Segen specifically alleged that "[j]urisdiction of this case is conferred under . . . diversity of citizenship, since [Segen] is a United States citizen [who] now resides in England [and] the defendants are residents of the Commonwealth of Virginia." (Docket Item No. 1, ("Complaint"), at 3.) As a result, the defendants' filed Motions to Dismiss for lack of subject matter jurisdiction. Specifically, the defendants' argued that this court lacked jurisdiction because diversity of citizenship was not present. (Docket Item Nos. 2, 23 and 35.) In her Report, the Magistrate Judge outlined the requirements for federal court jurisdiction under 28 U.S.C. § 1332. (Report at 24.) Furthermore, the Magistrate

-4-

Judge correctly cited Supreme Court precedent in which the Court stated that a United States citizen, domiciled in another country, is considered "stateless" for purposes of diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Thus, since diversity of citizenship is determined at the time an action is commenced, diversity of citizenship must have existed on January 23, 2006, the date Segen initiated the action. *See Freeport-McMoRan, Inc., et al. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

In order to determine whether diversity of citizenship exists, we must examine the facts to establish where Segen was domiciled when this action was filed. At the time the action was commenced, Segen had been living and working in England continuously for approximately nine months. (Segen Deposition at 116-18, 128.) In addition, based upon the record, he has remained in England as a practicing physician since April 2005. (Segen Deposition at 128.) A person may change his domicile "instantly by taking up residence in another state with the intent to remain there. 'He need not intend to remain permanently at the new domicile; it is enough that he intends to make the new state his home and that he has no present intention of going elsewhere.'" *Gambelli v. United States*, 904 F. Supp. 494, 497 (E.D. Va. 1995) (citing *Miller v. Lee*, 241 F. Supp. 19, 22 (W.D. S.C. 1965)). Furthermore, a new domicile can be established by a showing of (1) physical presence in a new state; and (2) the intent to remain there. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citing *Texas v. Florida*, 306 U.S. 398, 424 (1939)). Here, Segen moved out of the country, and, by living and working continuously in that country since April 2005, he has exhibited a clear intent to remain there. Despite the fact that Segen is a United States citizen, he has

effectively established a new domicile in England. Thus, based upon the face of Segen's Complaint, as well as the facts he presented on deposition, the Magistrate Judge was justified in determining that Segen was "stateless" for the purposes of diversity jurisdiction. *See Newman-Green, Inc.*, 490 U.S. at 828.

In response to the defendants' Motions to Dismiss, Segen claimed that, at all relevant times, he was a New York domiciliary. (Docket Item No. 9, ("Response") at 1.) In the alternative, Segen made the same argument as to the state of Florida. (Response at 2.) However, as noted by the Magistrate Judge, Segen made no reference to any connection or relationship to either New York or Florida in his Complaint. Likewise, on deposition, Segen offered no evidence to support his alleged connection to the state of Florida. Segen's only connections to the state of New York are that he used to live and work there, that he has paid spousal support and child support there and that he last voted in New York in the late 1990s. (Segen Deposition at 128-29.) Therefore, based upon Segen's deposition, there is no set of facts that support his contention that he is a domciliary of New York, or, in the alternative, Florida. After reviewing Segen's deposition, I am of the opinion that, other than England, the only viable argument as to Segen's domicile would be that he retains a Virginia domicile. However, if that is true, Segen would obviously lack jurisdiction because the named defendants are all Virginia domiciliaries. Accordingly, based upon the facts before the court, I find that Segen can prove no set of facts under which this court may exercise diversity jurisdiction.

I also concur with the Magistrate Judge's findings as to Segen's alternative arguments for jurisdiction. In Segen's Complaint, he attempted to assert

Case 1:06-cv-00009-GMW-PMS Document 68 Filed 04/10/07 Page 6 of 16 Pageid#: 464

jurisdiction "based upon . . . HIPAA[5] [v]iolations and numerous federally protected privacy violations." (Complaint at 3.) However, it is clear that a private right of action does not exist based upon HIPAA violations. *Haranzo v. Dep't of Rehabilitative Servs.*, 2005 U.S. Dist. LEXIS 27302, at * 14-15, No. 7:04cv00326 (W.D. Va. Nov. 10, 2005); *see also Healthtek Solutions, Inc. v. Fortis Benefits Ins. Co.*, 274 F. Supp. 2d 767, 775 (E.D. Va. 2003). In his response to the defendants' Motions to Dismiss, Segen attempted to re-characterize this basis for jurisdiction and alleged that he actually meant that his due process rights had been violated because, as a result of reporting HIPAA violations by Dr. J. N. Patel, the defendants conspired to terminate his employment contract. (Response at 2.) As explained by the Magistrate Judge, "an ambiguous reference to 'due process rights' within the Complaint is not sufficient to state a due process claim over which this court may exercise subject matter jurisdiction." (Report at 29.) Thus, I will affirm and adopt the Magistrate Judge's Report as to the Motions to Dismiss because Segen can prove no set of facts under which this court may exercise federal question jurisdiction on the claims asserted. Accordingly, the defendants' Motions to Dismiss will be granted.

As to Mr. Kilgore's request that the court hold a de novo hearing on this issue, the court finds no reason that would justify a hearing. I am of the opinion that, based upon the pleadings and briefs that have been filed with this court, as well as the information set forth in Segen's deposition, there is more than enough evidence before the court to make a determination as to whether jurisdiction exists.

---

[5] HIPAA refers to the Health Insurance Portability and Accountability Act.

-7-

Case 1:06-cv-00009-GMW-PMS   Document 68   Filed 04/10/07   Page 7 of 16   Pageid#: 465

Therefore, Mr. Kilgore's request for a de novo hearing as to the jurisdictional issues is hereby denied.

*B. Motions for Sanctions*

Rule 11 of the Federal Rules of Civil Procedure essentially requires an attorney or an unrepresented party to conduct a prefiling investigation of law and fact that is objectively reasonable under the circumstances. *Bus. Guides, Inc. v. Chromatic Commc'ns, Enters., Inc.*, 498 U.S. 533, 551 (1991). Pursuant to Rule 11(b), when presenting a

> pleading, written motion, or other paper [to the court], an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, [that] (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on lack of information or belief.

FED. R. CIV. P. 11(b). In accordance with Rule 11(c)(1)(A) of the Federal Rules of Civil Procedure, a party moving for sanctions must first serve the motion upon the party who has allegedly violated Rule 11(b). Once served, the party is given 21

Case 1:06-cv-00009-GMW-PMS   Document 68   Filed 04/10/07   Page 8 of 16   Pageid#: 466

days to either withdraw or appropriately correct the challenged paper, claim, defense, contention, allegation or denial. FED. R. CIV. P. 11(c)(1)(A). If the served party fails to respond during the 21-day "safe harbor" period, the party seeking Rule 11 sanctions is then permitted to file a motion for sanctions with the proper district court. FED. R. CIV. P. 11(c)(1)(A).

When determining whether or not Rule 11 sanctions should be imposed, this court should apply an objective test of reasonableness. *Artco Corp. v. Lynnhaven Dry Storage Marina, Inc.*, 898 F.2d 953, 955-56 (4th Cir. 1990); *see also Fahrenz v. Meadow Farm P'ship*, 850 F.2d 207, 210 (4th Cir. 1988). The fact that a plaintiff fails to provide a sufficient showing to survive summary judgment is not, in itself, enough to warrant the imposition of Rule 11 sanctions. *See Miltier v. Downes*, 935 F.2d 660, 664 (4th Cir. 1991). In *Miltier*, the Fourth Circuit explained that counsel need not be correct in their legal argument; instead, in order to avoid sanctions, the legal argument must be reasonable. *See* 935 F.2d at 664. However, an attorney is required to do more than simply rely upon the allegations and contentions of a client. Rule 11 requires an attorney to conduct at least a minimal investigation before filing a complaint or otherwise formalizing the allegations. *See Blue v. U.S. Dep't. of the Army*, 914 F.2d 525, 542 (4th Cir. 1990).

In this case, the strongest argument for the imposition of sanctions would be that, on the face of the Complaint, Segen unreasonably failed to allege facts upon which diversity of citizenship could be established. One could argue that Segen's basis for jurisdiction was not warranted by existing law. However, as I will explain, both parties exhibited an uncertainty as to whether jurisdiction was proper.

The Magistrate Judge correctly ruled that this court lacks subject matter jurisdiction to hear this case, as existing law does not support a jurisdictional basis under 28 U.S.C. § 1332; however, based upon the proceedings subsequent to the filing of Segen's Complaint, there was an obvious question as to where Segen was domiciled at the time the action was filed. On February 27, 2006, shortly after Segen initiated this action, Buchanan General filed a motion to dismiss for lack of subject matter jurisdiction. Then, on April 10, 2006, Segen responded and alleged that jurisdiction was proper based upon his contacts and obligations with the state of New York, or, in the alternative, Florida. On April 12 and April 25, 2006, Mr. Eskridge, counsel for Buchanan General, Sue Rife, Joan Jamison, Beverly Anderson and Fred Pelle, mailed copies of a Motion for Sanctions against Segen and/or his counsel to Mr. Kilgore. Pursuant to Rule 11(c)(1)(A), Mr. Eskridge served Segen's counsel regarding alleged violations of Rule 11(b), which basically put Segen and his counsel on notice of any improprieties, and gave them 21 days to either withdraw or appropriately correct the Complaint. The record demonstrates that Segen did not withdraw or attempt to correct his complaint. However, the same day Mr. Eskridge first mailed the Motion for Sanctions to Segen's counsel, he also sent a letter to Segen's counsel indicating that the issue of diversity of citizenship would likely turn on where Segen was domiciled at the time the action was commenced. (Docket Item No. 18.) Thus, because of the questions concerning Segen's domicile, Mr. Eskridge explained that he intended to depose Segen. (Docket Item No. 18.) Thereafter, on April 21, 2006, Mr. Eskridge filed a notice to take Segen's deposition. (Docket Item No. 22.)

By letter dated April 27, 2006, Mr. Eskridge requested that the court defer

-10-

Case 1:06-cv-00009-GMW-PMS   Document 68   Filed 04/10/07   Page 10 of 16   Pageid#: 468

any further action pertaining to the defendants' jurisdictional challenge until Segen's deposition could be taken and transcribed. (Docket Item No. 25.) On May 5, 2006, in accordance with Mr. Eskridge's request, I postponed further action in the case until after Segen's deposition was taken. (Docket Item No. 33.) Approximately one month later, pursuant to Rule 11(c)(1)(A), the defendants' officially filed the Motions for Sanctions with this court.

By virtue of the letter from Mr. Eskridge, it is obvious that the defendants were uncertain as to whether this court possessed proper jurisdiction. The defendants requested that this court defer any further decision until jurisdictional facts could be uncovered through Segen's deposition. Thus, because the defendants needed the benefit of Segen's deposition to determine diversity of citizenship, the Motions for Sanctions, which were mailed to Segen's counsel before Mr. Eskridge asked that the court postpone further action, were not truly warranted. In the Motions for Sanctions, the defendants argue, among other things, that the action was "not well ground in fact, including jurisdictional facts" and that the action was not supported by existing law. (Docket Item Nos. 37 and 38.) However, the fact that Mr. Eskridge personally requested that the court defer further action in the case until after Segen was deposed indicated that the defendants were unable to ascertain whether diversity of citizenship existed without the benefit of Segen's deposition. Therefore, by requesting a postponement of further action, the defendants essentially conceded that, based upon the facts before the court, the jurisdictional issue was reasonably in question; thus, the defendants' Motions for Sanctions argument, as to the jurisdictional facts, was essentially contradicted by the defendants' own actions. In other words, it was unreasonable for the defendants to

-11-

seek sanctions based upon the plaintiff's failure to properly allege jurisdictional facts when the defendants themselves were uncertain as to whether this court had proper jurisdiction.

As stated earlier, the Fourth Circuit has explained that Rule 11 does not require an attorney to be correct in their legal argument, but the argument must be reasonable. *See Miltier*, 935 F.2d at 664. It certainly could be argued that Segen alleged diversity of citizenship upon unreasonable grounds, not warranted by existing law. However, in this case, after the first Motion to Dismiss was filed, both parties displayed uncertainty as to whether diversity of citizenship existed. Therefore, because the defendants exhibited the need for Segen's deposition to address the jurisdictional issues before the court, and requested a delay in the court's ruling, this court cannot justify the imposition of sanctions for failure to allege proper jurisdictional facts. Thus, based upon the unique circumstances before the court, Segen's legal argument was not unreasonable.

The defendants also contend that Segen failed to present a sufficient evidentiary or factual basis as to the merits of the claims. Upon deposition, Segen repeatedly stated that he knew he had no basis for his claims at the time the action was commenced. However, as noted by the Magistrate Judge, Segen "repeatedly explained that he expected the factual support to be brought forth by virtue of the discovery process and after deposing witnesses." (Report at 29.) According to the language of Rule 11(b)(3), "the allegations and other factual contentions" must have evidentiary support or be "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(3). The

-12-

Magistrate Judge stated that "based upon Rule 11(b)(3), at the time Segen made the statements on deposition, it seems as if Segen, despite acknowledging that he lacked a sufficient factual basis for his claim[s], has offered enough through his allegations to avoid sanctions." Although the Magistrate Judge eventually recommended that sanctions should be imposed, I am of the opinion that Segen's statements on deposition were enough to demonstrate that he anticipated further facts to develop from future discovery that would substantiate his claims.

In a factually similar case, the Seventh Circuit held that Rule 11 sanctions were not warranted where an attorney relied upon client information to support a cause of action based on a theory of conspiracy, even though additional facts were needed to prove the claim. *Kraemer v. Grant County*, 892 F.2d 686 (7th Cir. 1990). In rendering its decision, the court stated "[i]f discovery is necessary to establish a claim, then it is not unreasonable to file a complaint so as to obtain the right to conduct that discovery." *Kraemer*, 892 F.2d at 690; *see also McFarland v. South Central Bell, Inc.*, 1993 U.S. Dist. LEXIS 2983 (E.D. La. March 3, 1993) (sanctions were not warranted in a race discrimination case because the court found it was nearly impossible to determine whether a client's allegations of discrimination are true without discovery). Here, Segen acknowledged the fact that he did not have evidentiary support for his claims at the time the action was filed. However, he repeatedly stated that he anticipated that further discovery would produce evidentiary support for his claims. Segen's claims clearly required further discovery; therefore, it was not unreasonable to initiate the action and gain the right to conduct further investigation and discovery.

Case 1:06-cv-00009-GMW-PMS Document 68 Filed 04/10/07 Page 13 of 16 Pageid#: 471

In the case of *In re Kunstler*, 914 F.2d 505, 516 (4th Cir. 1990), the Fourth Circuit discussed the *Kraemer* decision. The court explicitly stated that it did not disagree with the result obtained in *Kraemer*, however, it explained that "the need for discovery to complete the factual basis for alleged claims is not an excuse to allege claims with no factual basis." *In re Kunstler*, 914 F.2d at 516. In *Kraemer*, sanctions were not warranted where the attorney was a recent law school graduate who drafted a complaint in which a single portion the complaint was found to be without support. 892 F.2d at 690. Conversely, in *In re Kunstler*, the attorneys in question were experienced attorneys who filed a complaint containing a "myriad [of] inaccuracies," including factual inaccuracies that "could have been discovered by the most cursory investigation." 914 F.2d at 516. Thus, while the Fourth Circuit did not disagree with the outcome in *Kraemer*, it simply distinguished the facts in the two cases and noted that "a complaint containing allegations unsupported by *any* information obtained prior to filing, or allegations based on information which minimal factual inquiry would disprove, will subject the author to sanctions." *In re Kunstler*, 914 F.2d at 516.

In this case, Segen admitted that, at the time of filing, he did not have ample factual support to substantiate his claims. However, Segen did allege that multiple physician witnesses could provide information to confirm his allegations. Furthermore, Mr. Kilgore claims to have examined x-rays and other medical records regarding the alleged malpractice of Dr. J. N. Patel, and that he intended to take depositions of the physician witnesses named by Segen. (Kilgore's Objections at 3-4.) Based upon this information, unlike the attorneys in *In re Kunstler*, where the allegations within the complaint were unsupported by any facts, Segen and Mr.

-14-

Kilgore have provided enough information to demonstrate that a minimal factual inquiry was conducted. *See Blue*, 914 F.2d at 542. Likewise, Segen's statements on deposition demonstrated that further discovery was needed to prove his claims, and that such discovery was intended to take place following this court's jurisdictional ruling.

Furthermore, although the Magistrate Judge relied upon Segen's failure to conduct further discovery or take depositions as support for the imposition of Rule 11 sanctions, I am of the opinion that such action was not necessary. Segen argues that he was "under no duty to put on evidence while waiting for the magistrate court to make a determination as to whether jurisdiction existed since the Judge ha[d] postponed action until after the depositions." (Kilgore's Objections at 2.)  I agree.

On May 5, 2006, at the request of counsel, I agreed to postpone further action in this case until after Segen's deposition was taken. (Docket Item No. 33.) The purpose of the deposition was, for the most part, to uncover relevant facts to determine where Segen was domiciled at the time the action was filed. Thus, Mr. Kilgore was not under a duty to conduct additional discovery because, once the deposition was taken, the court could have ruled that it lacked jurisdiction to hear the case;[6] therefore, as Mr. Kilgore argued, it would have been a waste of judicial

---

[6] This court did not attempt to rule on these issues following Segen's deposition for several reasons. Segen's deposition was taken on July 24, 2006. Following the deposition, no ruling was made upon the jurisdictional issue due, in part, to several motions for extensions that were filed by Mr. Kilgore, and granted by the this court, between September 2006 and December 2006. After the deposition was taken, Segen was granted Motions for Extensions on September 18, 2006, and November 21, 2006. On December 11, 2006, Mr. Kilgore filed an additional Motion for Extension, which was denied. Shortly thereafter, on December 20, 2006, Mr. Kilgore

-15-

economy to expend resources conducting discovery for a case that may have been dismissed upon jurisdictional grounds.

## *II. Conclusion*

For the reasons stated above, I will affirm the Magistrate Judge's recommendation as to the defendants' Motions to Dismiss, and will reject the Magistrate Judge's recommendation as to the defendants' Motions for Sanctions. Accordingly, the defendants' Motions to Dismiss will be granted, and the defendants' Motions for Sanctions will be denied.

An appropriate order will be entered.

DATED: This 10th day of April, 2007.

/s/ Glen M. Williams
_____
THE HONORABLE GLEN M. WILLIAMS
SENIOR UNITED STATES DISTRICT JUDGE

---

filed a Motion to Reconsider the denial of the previous Motion for Extension. However, that motion was denied on December 27, 2007. Then, on February 7, 2007, the Magistrate Judge entered her Report recommending that the Motions to Dismiss and Motions for Sanctions be granted. (Docket Item No. 58.)

Furthermore, the transcript of Segen's deposition was not made a part of the record with this court until October 16, 2006. (Docket Item No. 44.) Prior to filing the deposition transcript with the court, Mr. Eskridge e-mailed the Magistrate Judge and indicated that a transcript was not originally prepared because counsel for both parties "thought that the matter might be resolved without the intervention of the court." (Docket Item No. 43.) Thus, it appeared that the parties were relatively close to reaching a settlement, or other agreement, that would have resolved the matter.

Case 1:06-cv-00009-GMW-PMS Document 68 Filed 04/10/07 Page 16 of 16 Pageid#: 474